IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CONSTANCE LOEWE, Individually ) <br> and as Special Administrator of the ) <br> Estate of THOMAS JOSEPH ) <br> LOEWE, Deceased; JILLIAN ) <br> WILLIAMS; AYANA LOEWE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CITY AND COUNTY OF ) <br> HONOLULU; HONOLULU ) <br> POLICE DEPARTMENT; JOHN ) <br> DOES 1–50, JANE DOES 1–50, ) <br> DOE DEFENDANTS 1–50, ) <br> ) <br> Defendants. ) <br> _____ ) | CV. NO. 10-00368 DAE-KSC |

ORDER: (1) GRANTING PLAINTIFFS' MOTION TO REMAND; (2)
DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION; (3) DENYING AS MOOT DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH
<u>RELIEF CAN BE GRANTED</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing. After reviewing the motions and the supporting and

opposing memoranda, the Court GRANTS Plaintiffs' Motion to Remand (Doc.

# 16) and REMANDS this action to the First Circuit Court of the State of Hawaii.

The Court DENIES Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and DENIES AS MOOT Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. # 18.)

<u>BACKGROUND</u>

On March 19, 2010, Plaintiffs Constance Loewe, Estate of Thomas Joseph Loewe, Jillian Williams, and Ayana Loewe (collectively, "Plaintiffs") filed a Complaint in Hawaii state court against Defendants City and County of Honolulu, Honolulu Police Department, John Does 1–50, Jane Does 1–50, and Does 1–50 (collectively, "Defendants").[1]  ("Compl.," Doc. # 1 Ex. A.)  Plaintiffs assert that they suffered injuries and damages from a March 19, 2008 incident, wherein officers from the Honolulu Police Department allegedly shot Thomas Joseph Loewe ("Decedent") seven times, killing him.  (<u>Id.</u> ¶¶ 10, 13.)  Plaintiffs' Complaint asserted several state law claims as well as a claim for violation of Decedent's rights to life, liberty, and freedom from unreasonable seizures, brought pursuant to 42 U.S.C. § 1983.

---

[1] The Hawaii state action is captioned <u>Loewe et al. v. City and County of Honolulu et al.</u>, Circuit Court for the First Circuit of Hawaii, Civil No. 10-1-0587-03.

On July 1, 2010, Defendants removed the case to this Court, alleging that jurisdiction was proper under 28 U.S.C. § 1331 because the Complaint presented a "federal question" in the form of Plaintiffs' Section 1983 claim. (Doc. # 1, ¶ 4.) Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted on July 13, 2010. (Doc. # 5.) On November 3, 2010, this Court issued an Order: (1) Granting in Part Defendants' Motion to Dismiss Complaint; (2) Dismissing Without Prejudice the Complaint as Against All Defendants ("November 3, 2010 Order"). ("Order," Doc. # 14.) The Court concluded that Plaintiffs failed to state a claim for a violation of rights under Section 1983. (Id. at 16.) Because the Section 1983 claim conferred jurisdiction on this Court, the Court declined to reach Plaintiffs' state law claims and dismissed the Complaint as against all Defendants. (Id. at 17.) The Court gave Plaintiffs leave to amend no later than thirty days from the date of the November 3, 2010 Order. (Id. at 18.)

On December 2, 2010, Plaintiffs filed a First Amended Complaint in this Court, which asserts claims for wrongful death; negligent hiring, training, and/or supervision; negligence; intentional infliction of emotional distress; negligent infliction of emotional distress; assault; battery; and loss of consortium. ("FAC," Doc. # 15.) Plaintiffs represent that they are no longer pursuing their

Section 1983 claim, or any other federal claim.[2]  (See Mot. to Remand at 6–7; Mot.

to Remand Reply at 3.)

On December 2, 2010, Plaintiffs filed a Motion to Remand on the

basis that Plaintiffs' First Amended Complaint, containing solely state law claims,

deprives this Court of subject matter jurisdiction such that it should be remanded

pursuant to 28 U.S.C. § 1447(c).  ("Mot. to Remand," Doc. # 16.)  Defendants filed

an Opposition to the Motion to Remand on December 16, 2010.  ("Mot. to Remand

Opp'n," Doc. # 21.)  Plaintiffs filed a Reply on December 23, 2010.  ("Mot. to

Remand Reply," Doc. # 22.)

Meanwhile, Defendants filed a Motion to Dismiss Plaintiff's First

Amended Complaint ("Motion to Dismiss") on December 13, 2010.  ("Mot. to

Dismiss," Doc. # 18.)  Defendants assert that the First Amended Complaint should

be dismissed pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) for

lack of subject matter jurisdiction or, alternatively, that the First Amended

---

[2] Failure to train can be brought as a federal claim under Section 1983.  In the November 3, 2010 Order, because Plaintiffs did not indicate whether they were alleging failure to train as a federal claim or as a state law claim, the Court construed it as alleging a federal claim.  (Order at 12.)  Conversely, here, Plaintiffs affirmatively represent that their First Amended Complaint does not include any federal claims and that they have eliminated their Section 1983 claim. (See Mot. to Remand at 6–7; Mot. to Remand Reply at 3.)  Accordingly, the Court construes Plaintiffs' claim for failure to train solely as a Hawaii state law claim.

Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a

claim upon which relief can be granted. The Motion to Dismiss is currently set for

hearing on May 2, 2011.

## STANDARD OF REVIEW

I.      Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may

move to dismiss a complaint for lack of subject matter jurisdiction. In a motion to

dismiss for lack of subject matter jurisdiction, the plaintiff bears the initial burden

of proving that subject matter jurisdiction exists. Robinson v. United States, 586

F.3d 683, 685 (9th Cir. 2009); Rattlesnake Coalition v. U.S. Env't Prot. Agency,

509 F.3d 1095, 1102 n.1 (9th Cir. 2007). "In considering the jurisdiction

questions, it should be remembered that 'it is a fundamental principle that federal

courts are courts of limited jurisdiction.'" Stock West, Inc. v. Confederated Tribes

of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting Owen

Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). Upon a motion to

dismiss, a party may make a jurisdictional attack that is either facial or factual.

Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial

attack occurs when the movant "asserts that the allegations contained in a

complaint are insufficient on their face to invoke federal jurisdiction." Id. By

contrast, a factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction." Id.

In resolving a facial attack on the allegations of the complaint, the court must accept the allegations of the complaint as true. Mason v. Arizona, 260 F. Supp. 2d 807, 815 (D. Ariz. 2003); see also Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 n.2 (9th Cir. 2003); White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). "Unlike a Rule 12(b)(6) motion, however, the court will not reasonably infer allegations sufficient to support federal subject matter jurisdiction because a plaintiff must affirmatively allege such jurisdiction." Mason, 260 F. Supp. 2d at 815. When subject matter jurisdiction is challenged in a motion to dismiss, the plaintiff has the burden of proving jurisdiction. Kingman Reef Atoll Invs., L.L.C. v. United States, 541 F.3d 1189, 1197 (9th Cir. 2008) (citing Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001)).

II.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons:

"(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content,

must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

DISCUSSION

For the reasons set forth below, the Court grants Plaintiffs' Motion to Remand and remands this action to Hawaii state court. Because remand is proper, the Court denies Defendants' Motion to Dismiss for lack of subject matter

jurisdiction and denies as moot Defendants' Motion to Dismiss for failure to state a

claim upon which relief can be granted.

A civil action that is filed in state court may be removed to the federal

court if it has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have

original jurisdiction pursuant to either a federal question, id. § 1331, or diversity of

citizenship, id. § 1332. Once a case has been removed, "[a] motion to remand the

case on the basis of any defect other than lack of subject matter jurisdiction must

be made within 30 days after the filing of the notice of removal." Id. § 1447(c).

However, "[i]f at any time before final judgment it appears that the district court

lacks subject matter jurisdiction, the case shall be remanded." Id. State law claims

that are related to a federal question claim may be removed under the doctrine of

supplemental jurisdiction. Id. § 1367(a). Where the court has dismissed all claims

over which it has original jurisdiction, it may decline to exercise supplemental

jurisdiction over the remaining state law claims. Id. § 1367(c).

Defendants removed this action on the basis of federal question

jurisdiction (see Doc. # 1, ¶¶ 3–4), which existed by virtue of Plaintiffs' Section

1983 claim. Plaintiffs argue that because their First Amended Complaint

eliminated their Section 1983 claim, and includes no other federal claim, the Court

should remand the instant action. (Mot. to Remand at 7.) Conversely, Defendants

urge the Court to dismiss the Complaint for lack of subject matter jurisdiction

(Mot. to Remand Opp'n at 2; Mot. to Dismiss at 8–9), or alternatively, for failure

to state a claim upon which relief can be granted (Mot. to Dismiss at 9–19).

"[A] plaintiff may not compel remand by amending a complaint to

eliminate the federal question upon which removal was based."[3] Sparta Surgical

Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).

Rather, the determination of whether to retain jurisdiction over these remaining

state claims or remand them to state court is a discretionary one, and requires the

court to consider the "values" of judicial economy, comity, convenience, and

fairness.[4] Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 619 (1988); see also

---

[3] Plaintiffs imply that the mandatory language contained in 28 U.S.C.
§ 1447(c) requires that this Court remand their state law claims.  To the contrary,
"if state law claims are asserted as part of the same case or controversy with a
federal claim, the district court has discretion to exercise supplemental jurisdiction
over the remaining state law claims[,] and the mandatory remand provision of [28
U.S.C. § 1447(c)] does not apply."  Albingia Versicherungs A.G. v. Schenker Int'l
Inc., 344 F.3d 931, 937–38 (9th Cir. 2003), amended on other grounds by 350 F.3d
916 (9th Cir. 2003).

[4] Defendants argue that the Court has already declined supplemental
jurisdiction over Plaintiffs' state claims, by virtue of its November 3, 2010 Order.
(Mot. to Remand Opp'n at 2; Mot. to Dismiss at 8.)  This is simply incorrect.
Although the Court declined to address Plaintiffs' state law claims, it did not
decline to assert supplemental jurisdiction over them such that the Court no longer
has discretion to either retain jurisdiction over those claims or remand them to state
court.  (See Order at 17.)  Defendants' reliance on Foster v. Wilson, 504 F.3d 1046
(9th Cir. 2007) is inapposite.  In that case, the district court declined to exercise

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726–27 (1966); Acri v.

Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).  "[I]n the usual

case in which all federal-law claims are eliminated before trial, the balance of

factors to be considered . . . will point toward declining to exercise jurisdiction

over the remaining state-law claims."  Carnegie-Mellon, 484 U.S. at 619 n.7.

Under the circumstances of this case, the factors and objectives

articulated above weigh in favor of remand to Hawaii state court.  First,

considerations of judicial economy do not support retention of jurisdiction in this

case.  Defendants removed the action to this Court in July 2010, and no significant

federal resources have been expended since then.  "When the single federal-law

claim in the action was eliminated at an early stage of the litigation, the [d]istrict

[c]ourt ha[s] a powerful reason to choose not to continue to exercise jurisdiction."

Carnegie-Mellon, 484 U.S. at 351.

Second, issues of comity weigh in favor of remand.  Plaintiffs'

original Complaint was comprised almost exclusively of state claims, and Plaintiffs

amended their complaint at an early stage in the proceedings to eliminate the sole

---

supplemental jurisdiction over the state claims after it had dismissed the federal
claims with prejudice.  Foster, 504 F.3d at 1049–50.  Conversely, here, the Court
dismissed Plaintiffs' Complaint without prejudice and gave thirty days leave to
amend.  The situation in Foster is not comparable with that present here.

federal claim. Plaintiffs' remaining state claims—wrongful death; negligent

hiring, training, and/or supervision; negligence; intentional infliction of emotional

distress; negligent infliction of emotional distress; assault; battery; and loss of

consortium—do not raise any federal policy concerns. To the contrary, Plaintiffs'

claims, arising from an encounter with the Honolulu Police Department, can be

properly adjudicated by the Hawaii state court.

Third, because the statute of limitations on Plaintiffs' state law claims

has expired (see Mot. to Remand Reply at 2), fairness and convenience weigh in

favor of remand to the state court. See Carnegie-Mellon, 484 U.S. at 351–52.

Although the Court could retain jurisdiction in this case, because it has already

determined that comity weighs in favor of Plaintiffs' claims being litigated in state

court, the factors of fairness and convenience dictate that the Court should remand

the action.

Defendants oppose Plaintiffs' Motion to Remand on the basis that the

Court should dismiss the instant action for lack of subject matter jurisdiction.

(Mot. to Remand Opp'n at 2.) Not only is this argument contrary to controlling

authority, it also undermines the factors that this Court must consider when

determining whether to remand this lawsuit to state court. As already indicated,

the Supreme Court has held that a remand is preferable to dismissal when the

statute of limitations on the plaintiff's state law claims has expired before the federal court determines that it should relinquish jurisdiction over the case. Carnegie-Mellon, 484 U.S. at 351–52; see also Albingia Versicherungs, 344 F.3d at 938 ("[Title 28 U.S.C.] § 1447(c) means that if it is discovered at any time in the litigation that there is no federal jurisdiction, a removed case must be remanded to the state court rather than dismissed."). Further, dismissing this action for lack of subject matter jurisdiction would be contrary to the "values" of fairness and comity. Although Plaintiffs filed their lawsuit in a timely manner, they would be deprived of a forum for litigating their claims because the claims are now time-barred and cannot be refiled in state court, an inequitable and unfair result. Additionally, this would implicate the principle of comity because "[t]he preclusion of valid state-law claims initially brought in timely manner in state court undermines the State's interest in enforcing its law." Carnegie-Mellon, 484 U.S. at 352.

Nor have Plaintiffs engaged in manipulation by omitting their Section 1983 claim from their First Amended Complaint. The Ninth Circuit has explicitly found that "[a] plaintiff is entitled to file both state and federal causes of action in state court" and that after removal, "[t]he plaintiff is entitled to settle certain claims or dismiss them with leave of the court." Baddie v. Berkeley Farms, Inc., 64 F.3d

487, 490 (9th Cir. 1995). Such behavior is only considered manipulative if the

plaintiff's initial inclusion of the federal claim was in bad faith or for the "sole

purpose of putting defendants through the removal-remand procedure." Id. at 490

n.4. Neither of these scenarios are implicated here.

In sum, although the present case was properly removed, elimination

of the sole federal claim at an early stage of the proceedings counsels against this

Court retaining jurisdiction. Because the Court had jurisdiction only on the basis

of a federal question, and the parties present no alternative basis for jurisdiction,

remand is appropriate. Accordingly, the Court GRANTS Plaintiffs' Motion to

Remand and DENIES Defendants' Motion to Dismiss for lack of subject matter

jurisdiction. Because Plaintiffs' claims are remanded to Hawaii state court for

adjudication, the Court DENIES AS MOOT Defendants' Motion to Dismiss for

failure to state a claim upon which relief can be granted.

CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' Motion

to Remand (Doc. # 16) and REMANDS this action to the First Circuit Court of the

State of Hawaii. The Court DENIES Defendants' Motion to Dismiss pursuant to

Rule 12(b)(1) for lack of subject matter jurisdiction and DENIES AS MOOT

Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. # 18.)

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 31, 2011.



                                 David Alan Ezra
                                 United States District Judge

<u>Loewe et al. v. City and County of Honolulu et al.</u>, Cv. No. 10-00368 DAE-KSC; ORDER: (1) GRANTING PLAINTIFFS' MOTION TO REMAND; (2) DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; (3) DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED